BEA, Circuit Judge,
concurring in part and concurring in the judgment.
I concur in the result, and with the majority’s reasoning except for the way in which the majority affirms the district court’s grant of judgment as a matter of law (“JMOL”) to Tyco on Masimo’s bundling claim.
I agree that bundled discounts are not per se illegal so long as, after applying the discount-attribution test, the discounted price is above cost. Cascade Health Solutions v. PeaceHealth, 502 F.3d 895 (9th Cir.2007), amended 515 F.3d 883 (9th Cir.2008). I also think that Tyco’s “bundled discounts” were multi-product market- *99 share discounts, because a condition of obtaining such “bundled discounts” was that Tyco’s customers had to purchase 90-95% of their requirements of those products from Tyco. Therefore, this is a case where the PeaceHealth standard should not apply because we stated in that ease that the test would be inappropriate “outside the bundled pricing context, for example in tying or exclusive dealing cases.” Id. at 916 n. 27.
I would conclude, however, that we must nonetheless affirm the district court’s grant of JMOL to Tyco on Masimo’s claim Tyco’s bundling contracts amounted to exclusive dealing because Masimo waived the argument that Tyco’s bundling agreements should be treated as market-share discounts. Masimo’s theory at trial was that bundling itself, i.e., the act of conditioning a discount on the requirement that a customer purchase two of a seller’s products together, was a form of exclusive dealing. This is evidenced by the jury instruction Masimo submitted, which stated:
To prevail on its monopolization claim, Masimo must prove Tyco engaged in anticompetitive or exclusionary conduct. ... Specifically, Masimo claims that Tyco:
(1) Entered into product bundling contracts that condition the receipt of rebates or discounts on purchasing both oximetry products and other unrelated products;
(2) Entered in to market-share based compliance pricing contracts that condition the receipt of rebates, prices or discounts on purchasing specified percentages of oximetry products from Tyco.
(emphasis added). The jury instructions allowed the jury to consider the exclusionary effect of market-share discounts only insofar as those discounts applied to single-product oximetry contracts. Masimo’s theory with respect to the multi-product contracts was that the bundling itself was exclusionary.
Because Masimo waived the argument that Tyco’s multi-product contracts are invalid as exclusive market-share discounts, I would conclude we can consider only whether the bundling aspects of Tyco’s multi-product contracts are valid or invalid. The effect of the market-share requirement as a condition of taking the “bundled discount” can be disregarded. As a result, because Masimo never argued Tyco’s bundling resulted in below-cost pricing, it has failed under PeaceHealth to establish such bundling violates the antitrust laws.
The majority reaches the same result but for what I see as the wrong reason. The majority concludes that the district court correctly held that there was insufficient evidence to support the jury’s liability verdict that Tyco’s bundling contracts constituted exclusive dealing arrangements, because Masimo had not shown the bundling arrangements foreclosed competition in a substantial share of the relevant market. Maj. Op. at 97. However, the district court based this conclusion on the fact that some of Tyco’s bundling contracts included products from manufacturers other than Tyco, and therefore, “it was impossible for the jury to determine, even in general terms, how much of the bundled oximetry sales were sold in connection with anti-competitive bundling practices as compared to legal bundling practices.” ER 39, 43. If the bundled discount included products from Tyco and another manufacturer, the element of exclusivity in the bundled discount was gone. Tyco did not offer the discount conditioned on the requirement that the consumer not deal in the goods of a competitor, and therefore those contracts could not constitute exclusive dealing arrangements.
*100 That means the district court’s conclusion applies only with respect to the theory that bundling itself is a form of exclusive dealing, a theory that no longer holds water after PeaceHealth. Thus, the majority errs when it affirms on this analysis.